UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHRYN FRENCH, ET AL                CIVIL ACTION

VERSUS                               NO: 06-8251

ALLSTATE INDEMNITY COMPANY           SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court is the defendant's **Rule 52(b) Motion to Modify Judgment (Rec. Doc. 230)**. This motion, which is opposed, was set for hearing on March 18, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the defendant's motion should be denied.

**Background Facts**

This is a Hurricane Katrina case in which the plaintiffs sued their insurer Allstate Indemnity Company ("Allstate") seeking additional payments for wind related damaged.[1] The

---

[1] The plaintiffs also sued Allstate for additional payments on their flood insurance policy. Those claims settled prior to trial and are not subject to this motion.

plaintiffs alleged that Allstate had underpaid them on their wind damage claims and sought additional payments as well as penalties pursuant to the applicable Louisiana statutes. After a three-day bench trial the Court issued oral findings of fact and conclusions of law in favor of the plaintiffs finding that the plaintiffs did incur unpaid wind damage. The Court awarded the plaintiffs $123,000 under Coverage A of the subject policy and $10,000 for an additional structure under Coverage B. The Court also determined that Allstate had failed to timely pay the undisputed part of the plaintiffs' claim and that as a result the plaintiffs were entitled to penalties pursuant to Louisiana Revised Statute § 22:658. The Court assessed a penalty of 25% on the plaintiffs' entire claim, awarding a total of $87,000 in penalties.

## The Parties' Arguments

Allstate has filed this motion pursuant to Federal Rule of Civil Procedure 52(b) asking the Court to modify its judgment in this case. Allstate challenges the sufficiency of the evidence in support of the award of additional payments under the policy and disputes the imposition of a penalty on the entire amount of the plaintiffs' claim. Allstate argues that there was not sufficient evidence presented at trial by the plaintiffs to support the award of additional payments under the policy. There

was no evidence that unpaid damage was caused by wind instead of flood. The plaintiff failed to establish the actual cost of additional required repairs or the actual cash value of those repairs, which is the amount that Allstate has to pay. Furthermore, based on the appraisal value of the home in 2003 and testimony by the plaintiff about the cost of the undamaged structural components of the home, Allstate argues that the plaintiff had already received more than the replacement value of the damaged parts of the home when its payment is combined with the flood insurance payment received by the plaintiffs. In regards to penalties, Allstate argues that it should only have to pay a 25% penalty on the amount of the undisputed payment that was not timely made to the plaintiffs, as opposed to a penalty on the entire amount of the plaintiffs' claim. Although the Court followed the recent Fifth Circuit decision of <u>Grilletta v. Lexington Insurance Co.</u>, 558 F.3d 359 (5th Cir. 2009), in determining that Allstate should pay a penalty on the entire amount of the plaintiffs' claim, Allstate argues that the <u>Grilletta</u> decision misconstrued Louisiana law and therefore should be ignored by this Court. Instead, Allstate urges the Court to apply the decision of the Louisiana Supreme Court in <u>Louisiana Bag Co. v. Audubon Indemnity Co.</u>, 999 So. 2d 1104 (La. 2008), and require Allstate to pay a 25% penalty on only the amount of the plaintiffs' undisputed claim that was not timely

paid.

In opposition to this motion the plaintiffs argue that there was sufficient evidence presented at the trial to support the Court's decision and that the Grilletta case was correctly decided by the Fifth Circuit and this Court is bound to follow that precedent. The plaintiffs contend that there was ample testimony and exhibits presented at trial to support a finding for the plaintiffs. The Court properly credited the testimony of plaintiffs' expert Paul LaGrange and the lack of contrary evidence presented by Allstate. Additionally, the plaintiffs assert that Allstate's use of a 2003 appraisal in arguing that the plaintiffs could not receive any further payment is improper. There was no evidence introduced at the trial regarding the appraisal value of the home in 2005 and Allstate did not call an appraiser to testify at trial. Allstate's assumptions regarding increased construction costs, included as a part of their argument that the plaintiffs could not have been paid more under the policy, has no factual basis. Furthermore, Allstate bears the burden to prove that claimed damage was excluded from the policy coverage because it was caused by flooding. Allstate did not meet this burden at trial. In regards to penalties, the plaintiffs argue that the Grilletta decision considered Louisiana law, including the Louisiana Bag case, and properly determined that penalties should be assessed on a plaintiff's entire claim.

4

The Grilletta decision is also binding precedent that this Court cannot simply ignore.

Allstate filed a short reply memorandum to argue that the Court expressly found that the LaGrange estimate presented by the plaintiffs was unreliable. Allstate also reiterated its arguments regarding the imposition of penalties in this case.

## Discussion

"Under Rule 52(b) of the Federal Rules of Civil Procedure, a party may petition the trial court to amend its findings of fact within ten days of the entry of judgment. The purpose of motions to amend is to correct manifest errors of law or fact or, in some situations, to present newly discovered evidence." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1209 (5th Cir.1986). A Rule 52(b) motion is not to be used to introduce evidence that was available at trial but not offered, to relitigate old issues or advance new theories, or to secure a rehearing on the merits. Id. A court is only required to amend its findings of fact based on evidence in the record, and to do otherwise would be to defeat "the compelling interest in the finality of litigation." Id. Following a three-day bench trial, on February 11, 2009, the Court issued oral findings of fact and conclusions of law. The Court determined that the plaintiffs had proven their case, entitling them to additional payments on their Allstate insurance

policy. The Court also found that Allstate had acted in an arbitrary and capricious manner by failing to pay an undisputed amount of insurance proceeds, entitling the plaintiffs to penalties based on Louisiana Revised Statute § 22:658. The defendant has now challenged the sufficiency of the evidence supporting an award of additional money under the policy and the application of Grilletta v. Lexington Insurance Co., 558 F.3d 359 (5th Cir. 2009), to support the finding that a penalty should be assessed on the entire amount of the plaintiff's claim.

First, there was sufficient evidence, credited by the Court, to support the finding that additional payments were due on Coverages A and B of the policy. Contrary to the defendant's argument, the Court did not expressly find that the LaGrange estimate presented by the plaintiffs was unreliable. Instead, the Court determined that the entire amount represented by the LaGrange report, $452,000, was not justified. The Court also concluded that the estimates presented by Allstate had "lowballed" the amount of damages. The Court declined to review each estimate presented by the parties line-by-line to determine which estimate was correct for each line item. Additionally, the Court credited the testimony of Mr. Sutter and Mr. Callenius who both were present in the home when the damage occurred. The Court also noted that it had the opportunity to visit the property just prior to the trial. For these explicitly stated

reasons the Court determined that the plaintiffs' repairs would at least equal or exceed the remaining $123,000 on the plaintiffs' policy. There was sufficient evidence to support this finding and there was no manifest error of fact.

Second, in regards to penalties, Allstate argues that the Court should not apply a percentage penalty to the entire amount of the plaintiff's claim, but should restrict the penalty to only the undisputed amount of the claim that was not timely paid. Allstate does not argue that the Court should not have awarded any penalties in this case. Instead, Allstate contends that the Court should not follow Fifth Circuit precedent regarding the amount of penalties to be awarded and should simply ignore the Fifth Circuit's recent Grilletta case. This Court cannot simply disregard a decision of the Fifth Circuit that is directly on point. Allstate urges the Court to follow the Louisiana Supreme Court's decision in Louisiana Bag Co. v. Audubon Indemnity Co., 999 So. 2d 1104 (La. 2008), which it believes contradicts the holding in Grilletta. However, the Fifth Circuit in Grilletta discussed and considered Louisiana Bag in reaching the holding with which Allstate disagrees. See Grilletta, 558 F.3d at 370-71. Thus, Allstate invites this Court to challenge the Fifth Circuit's interpretation of that case and adopt a different reading of the case, contrary to that of the Fifth Circuit. The Court declines such an invitation. Accordingly,

**IT IS ORDERED** that the defendant's **Rule 52(b) Motion to Modify Judgment (Rec. Doc. 230)** is hereby **DENIED.**

New Orleans, Louisiana, this 12th day of June, 2009.

                                 _____
                                 CARL J. BARBIER
                                 UNITED STATES DISTRICT JUDGE